# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES KERRY, | ) |
| Movant, | ) |
| v. | ) No. 4:10CV1917 CDP |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before me on movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. I have reviewed the motion, and I find that it must be dismissed pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the Court is required to conduct an initial review of the motion. Upon review, the Court is required to summarily dismiss the motion "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief . . ."

Movant's sole basis for relief is that the Court violated his plea agreement. Movant claims that his plea agreement stated that no further charges would be brought against him. Movant says that after I sentenced him he was sentenced to five

years' imprisonment in state court for possession of child pornography.[1] Plaintiff argues that the Court should not have accepted his plea agreement unless it had the authority to prevent the state court from prosecuting him on child pornography charges.

Movant's claim for relief is frivolous. First, the Court was not a party to the plea agreement. Movant should have been aware of this because it is clearly stated in the plea agreement twice. See Plea Agreement, Guidelines Recommendations and Stipulations at p. 3, 9. Second, the plea agreement did not purport to prevent later state charges. The plea agreement clearly stated that "no further *federal* prosecution" would be brought regarding movant's conduct during the relevant time period. Id. at 2. Finally, movant waived his right to bring a § 2255 motion for any reason except prosecutorial misconduct or ineffective assistance of counsel. Id. at 4. Therefore, movant waived his right to bring the instant motion. See DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000) (a waiver of collateral attack rights in a plea agreement is enforceable.).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DISMISSED**.

---

[1] See State v. Kerry, Case No. 09SL-CR10144-01 (21st Judicial Circuit).

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal will be filed with this Memorandum and Order.

Dated this 16th day of November, 2010.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE